## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER RAPTIS,<br><br>                    Plaintiff,<br>        v.<br><br>DPS LAND SERVICES, LLC,<br><br>                    Defendant. | Case No.: 2:19-cv-01262-CRE<br><br><br>ELECTRONICALLY FILED |

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANT'S MOTION TO DISMISS</u>

FOX ROTHSCHILD LLP
Richard L. Etter
PA I.D. No. 92835
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

*Counsel for Defendant DPS Land Services, LLC*

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS ...................................................................................1

III.  STANDARD OF REVIEW ..................................................................................2

IV.   ARGUMENT ........................................................................................................4

      A.    The Complaint Should Be Dismissed Because It Fails To State An Overtime
          Claim Under The FLSA Or The PMWA ....................................................4

          1.    Plaintiff fails to allege facts sufficient to establish FLSA coverage. ..................4

          2.    Plaintiff fails to allege facts sufficient to show a plausible claim for
              unpaid overtime under either the FLSA or the PMWA .....................................8

          3.    Plaintiff's allegations and the document on which is his claims are based
              establish that Plaintiff's employment was exempt from the overtime
              provision of the PMWA. ..................................................................................12

V.    CONCLUSION .....................................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Asbestos Prods. Liab. Litig. (No. VI),*
  822 F.3d 125 (3d Cir. 2016) ............................................................................................... 3

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..................................................................................... 2, 3, 8, 10, 11, 15

*Baum v. AstraZeneca LP,*
  372 F. App'x 246 (3d Cir. 2010) ....................................................................................... 4

*Baum v. AstraZeneca LP,*
  605 F. Supp. 2d 669 (W.D. Pa. 2009) .............................................................................. 12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................................... 2, 3, 8, 11

*Buck v. Hampton Twp. Sch. Dist.,*
  452 F.3d 256 (3d Cir. 2006) .............................................................................................. 3

*Butler v. DirectSat USA, LLC,*
  800 F. Supp. 2d 662 (D. Md. 2011) ................................................................................ 10

*Castellino v. M.I. Friday, Inc.,*
  No. 11–261, 2012 WL 2513500 (W.D. Pa. June 29, 2012) ........................................... 12

*Centeno v. Facilities Consulting Grp., Inc.,*
  No. 14-3696, 2015 WL 247735 (N.D. Tex. Jan. 20, 2015) ............................................. 6

*Coleman v. John Moore Servs., Inc.,*
  No. 13-290, 2014 WL 51290 (S.D. Tex. Jan. 7, 2014) .................................................... 6

*Commonwealth v. Stuber,*
  822 A.2d 870 (Pa. Commw. Ct. 2003) .............................................................................. 4

*Davis v. Abington Mem'l Hosp.,*
  765 F.3d 236 (3rd Cir. 2014) ................................................................................ 8, 9, 10, 11

*DeJesus v. HF Mgmt. Servs., LLC,*
  726 F.3d 85 (2d Cir. 2013) ........................................................................................... 8, 11

*Diaz v. Cousins, Inc.,*
  No. 15-06620, 2016 WL 3165603 (E.D. Pa. June 7, 2016) .............................................. 4

*Encino Motorcars, LLC v. Navarro,*
    —— U.S. ——, 138 S. Ct. 1134 (2018) ............................................... 12

*Faludi v. U.S. Shale Sols., LLC,*
    936 F.3d 215 (5th Cir. 2019) ........................................................ 14

*Hernandez v. Praxair Distribution,*
    No. 14-01535, 2015 WL 5608233 (S.D. Tex. Sept. 23, 2015) ................ 11

*Jones v. SCO Family of Servs.,*
    202 F. Supp. 3d 345 (S.D.N.Y. 2016) ............................................ 5, 6

*Landers v. Quality Commc'ns, Inc.,*
    771 F.3d 638 (9th Cir. 2014) ................................................ 8, 9, 10, 11

*Levitt v. Tech. Educ. Servs., Inc.,*
    No. 10-6823, 2012 WL 3205490 (E.D. Pa. Aug. 7, 2012) ..................... 4

*Lindgren v. Spears,*
    No. 10-1929, 2010 WL 5437270 (S.D. Tex. Dec. 27, 2010) ................... 6

*Locke v. St. Augustine's Episcopal Church,*
    690 F. Supp. 2d 77 (E.D.N.Y. 2010) ............................................ 5, 6

*Lum v. Bank of America,*
    361 F.3d 217 (3d Cir. 2004) ...................................................... 14

*Lundy v. Catholic Health Sys. of Long Island Inc.,*
    711 F.3d 106 (2d Cir. 2013) ........................................................ 9

*Mayer v. Belichick,*
    605 F.3d 223 (3d Cir. 2010) ........................................................ 3

*Mitchell v. C.W. Vollmer & Co.,*
    349 U.S. 427 (1955) ................................................................ 8

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
    723 F.3d 192 (2d Cir. 2013) ................................................ 8, 9, 10, 11

*Neitzke v. Williams,*
    490 U.S. 319 (1989) ................................................................ 3

*Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.,*
    998 F.2d 1192 (3d Cir. 1993) ................................................... 3, 14

*Pignataro v. Port Auth. of New York and New Jersey,*
    593 F.3d 265 (3d Cir. 2010) ...................................................... 12

*Pruell v. Caritas Christi,*
    678 F.3d 10 (1st Cir. 2012) ............................................................................8, 9, 10, 11

*Razak v. Uber Techs., Inc.,*
    No. 16-573, 2016 WL 5874822 (E.D. Pa. Oct. 7, 2016) .................................... 4

*Reagor v. Okmulgee Cty. Family Res. Ctr.,*
    501 F. App'x 805 (10th Cir. 2012) .................................................................... 8

*Reich v. Gateway Press, Inc.,*
    13 F.3d 685 (3d Cir. 1994) ................................................................................ 5

*Rodriguez v. Shan Namkeen, Inc.,*
    No. 15-3370, 2017 WL 76929 (N.D. Tex. Jan. 9, 2017)..................................... 6

*Rummel v. Highmark, Inc.,*
    No. 13-87, 2013 WL 6055082 (W.D. Pa. Nov. 15, 2013) ................................ 4

*Teaney v. Kenneth & Co. Honey Do Servs., LLC,*
    No. 13-4211, 2014 WL 3435416 (N.D. Tex. July 15, 2014) .............................. 6

*Tony & Susan Alamo Found. v. Sec'y of Labor,*
    471 U.S. 290 (1985)............................................................................................ 5

*Vanstory-Frazer v. CCHS Hosp. Co., LLC,*
    No. 08-3910, 2010 WL 22770 (E.D. Pa. Jan. 4, 2010)..................................... 12

*Whitlock v. That Toe Co., LLC,*
    No. 14-2298, 2015 WL 1914606 (N.D. Tex. Apr. 28, 2015) ............................. 6

**Statutes**

43 P.S. § 333.104(c)..................................................................................................12

43 P.S. § 333.105(a)(5)........................................................................................ 12, 13

29 U.S.C. § 203(i) ..................................................................................................... 7

29 U.S.C. § 203(b) .................................................................................................... 5

29 U.S.C. §§ 203(b), (i), (j), (r) & (s) ...................................................................... 5

29 U.S.C. § 203(j) ..................................................................................................... 7

29 U.S.C. § 203(s)(1)(A)(i) ....................................................................................... 6

29 U.S.C. §§ 203(s)(1)(A)(i)-(ii) .............................................................................. 7

29 U.S.C. § 207(a) .................................................................................................4, 6

iv

Fair Labor Standards Act (FLSA)......................................................1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15

Pennsylvania Minimum Wage Act (PMWA) ......................................................... 1, 4, 8, 12, 13, 15

**Other Authorities**

29 C.F.R. § 541.200(a)(3) ........................................................................................................15

29 C.F.R. § 541.202(a) ...........................................................................................................15

29 C.F.R. § 541.700(a) ...........................................................................................................14

29 C.F.R. § 779.103...............................................................................................................5, 6

34 Pa. Code § 231.41 ..............................................................................................................12

34 Pa. Code §§ 231.81 ...........................................................................................................13

34 Pa. Code §§ 231.81-231.85 ...............................................................................................13

34 Pa. Code § 231.83 ..............................................................................................................13

34 Pa. Code § 231.83(5) .........................................................................................................15

Fed. R. Civ. P. 8 ...........................................................................................................2, 10, 11

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 2, 3, 11, 12

## I.       INTRODUCTION

Plaintiff Peter Raptis ("Plaintiff") filed a Class and Collective Action Complaint ("Complaint") alleging that Defendant DPS Land Services, LLC ("DPS" or "Defendant") violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") by paying him on a day-rate basis.  But Plaintiff fails to plead sufficient facts to establish coverage or to allow the Court to reasonably conclude Plaintiff's overtime claims are more than a sheer possibility.  Instead, Plaintiff merely recites the elements of his causes of action and makes conclusory, threadbare allegations that are insufficient as a matter of law.  Accordingly, Plaintiff's FLSA and PMWA claims should be dismissed pursuant to Rule 12(b)(6).  Plaintiff's PMWA claim fails and should be dismissed with prejudice because his allegations, and the indisputable documents on which his overtime claims are based, establish that he was employed in an administrative capacity and, therefore, was exempt from the PMWA's overtime provision.

## II.      STATEMENT OF FACTS

1.       DPS is a "full-service land company that is dedicated to the Appalachian Basin." (Complaint, ECF No. 1, at ¶ 19.)

2.       DPS's business involves "obtaining ROW [Right-of-Way] for a gathering system" and "managing multifaceted, large scale title and land projects."  (*Id.* at ¶ 20.)

3.       "To complete their business objectives, DPS hires personnel to perform its necessary work."  (*Id.* at ¶ 21.)

4.       These land men are "required to assist DPS in acquiring property to expand DPS'[s] network of services[,] to identify easements, right-of-way to permit them to operate, and [to negotiate] oil and gas leases."  (*Id.* at ¶ 22.)

5.       Plaintiff worked as one of these land men from March 2017 to August 2019.  (*Id.* at ¶ 24.)

6.      During his time as a land man, the only guaranteed compensation Plaintiff received "was the day-rate for each day that he actually worked."  (*Id.*)

7.      "DPS paid [Plaintiff] a day-rate, regardless of the number of hours that [he] worked each day."  (*Id.* at ¶ 27.)

8.      At all relevant times, DPS paid Plaintiff a day-rate of at least $300 per day. (Declaration of Timothy T. Schultz, Jr. ("Schultz Decl.") at ¶¶ 2-6, Exh. A.)

9.      DPS paid Plaintiff his day-rate fee on a less-frequently-than-weekly basis.  (Schultz Decl., Exh. A (Agreement for Independent Contractor Services) at Art. 4, 16.)

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In *Ashcroft v. Iqbal*, the Supreme Court explained that Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  To state a claim that is plausible on its face, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (brackets omitted)).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to eliminate baseless claims and to streamline litigation by dispensing with allegations that will result in needless discovery. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A plaintiff opposing a motion to dismiss must allege "enough facts to state a claim to relief that is plausible on its face," and if a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.  Dismissal of claims failing to meet this standard is especially vital for cases (such as this putative class action) in which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases." *Id.* at 560 n.6.  As the Supreme Court explained, courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7, 134 (3d Cir. 2016); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

## IV.    ARGUMENT

### A.    The Complaint Should Be Dismissed Because It Fails To State An Overtime Claim Under The FLSA Or The PMWA.

To state a *prima facie* overtime claim under the FLSA, a plaintiff must allege facts sufficient to show that: "(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) the plaintiff was an 'employee' as defined by the FLSA; and (3) the plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Rummel v. Highmark, Inc.*, No. 13-87, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013).  The PMWA is interpreted consistent with the FLSA because it substantially parallels the FLSA.  *See Baum v. AstraZeneca LP,* 372 F. App'x 246, 248 n.4 (3d Cir. 2010); *Levitt v. Tech. Educ. Servs., Inc.*, No. 10-6823, 2012 WL 3205490, at *3 (E.D. Pa. Aug. 7, 2012) (citing *Commonwealth v. Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003)).  Plaintiff fails to allege facts sufficient to state a plausible overtime claim under the FLSA or the PMWA.

#### 1.    Plaintiff fails to allege facts sufficient to establish FLSA coverage.

To state a claim for failure to pay overtime under the FLSA, a plaintiff must either allege facts that, if proved, would establish coverage under the FLSA.  *See Razak v. Uber Techs., Inc.,* No. 16-573, 2016 WL 5874822, at *5 (E.D. Pa. Oct. 7, 2016)*; Diaz v. Counsins, Inc.,* No. 15-06620, 2016 WL 3165603, at *2 (E.D. Pa. June 7, 2016).  An FLSA plaintiff bears the burden of proof on establishing coverage under the statute.  *See id.*  Plaintiff does not allege sufficient facts to establish coverage under the FLSA.

The FLSA extends its coverage for overtime claims only to an employee who in any workweek is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. §

207(a).[1]  Thus, FLSA coverage attaches only if: (1) the employee herself is "engage[d] in commerce or in the production of goods for commerce," known as "individual coverage"; or (2) the employee is employed in an "enterprise engaged in commerce or in the production of goods for commerce," known as "enterprise coverage."  *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985); *see also Reich v. Gateway Press, Inc.*, 13 F.3d 685, 694 (3d Cir. 1994).

Plaintiff fails to plead coverage because he fails to allege facts sufficient to establish that he was "engaged in commerce" or "in the production of goods for commerce."  As defined by the FLSA, "'[c]ommerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b); *see also* 29 C.F.R. § 779.103 (employees are "engaged in commerce" under the FLSA "when they are performing work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof").

An employee only engages in commerce under the FLSA "when 'a substantial part of the employee's work is related to interstate commerce.'"  *Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (holding that allegations that plaintiff's activities that affect or indirectly relate to interstate commerce are insufficient to plead individual coverage) (internal citations omitted); *see also Locke v. St. Augustine's Episcopal Church,* 690 F. Supp. 2d 77, 90 (E.D.N.Y. 2010) ("the employee must be 'so closely related to the movement of the commerce as to be part of it,' as opposed to simply performing activities that 'affect or indirectly related to interstate commerce.'") (quotation omitted).  Here, Plaintiff fails to allege facts sufficient to make a plausible showing that his work is related to interstate commerce.  From Plaintiff's allegations it is impossible to tell whether Plaintiff's activities were performed entirely within Pennsylvania or entirely within some

---

[1] The FLSA separately defines "commerce," "goods," "produced," "enterprise," and "enterprise engaged in commerce." 29 U.S.C. §§ 203(b), (i), (j), (r) & (s).

other state, as opposed to "among the several States or between any State and any place outside thereof." *See* 29 C.F.R. § 779.103.  Such bare recitations are insufficient to demonstrate coverage under the pleading requirements established by *Twombly/Iqbal*.  *See Jones*, 202 F. Supp. 3d at 351; *Locke,* 690 F. Supp. 2d at 90.[2]

Plaintiff also fails to plead enterprise coverage, which is the only other possible grounds for Plaintiff to establish FLSA coverage.  29 U.S.C. § 207(a).  Plaintiff alleges no facts showing that DPS employees "engaged in commerce or in the production of goods for commerce" or that DPS employees were "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."  29 U.S.C. § 203(s)(1)(A)(i).  To qualify as an "enterprise engaged in commerce or in the production of goods for commerce" and establish enterprise coverage, an enterprise must have (1) employees "engaged in commerce or in the

---

[2] *See also Teaney v. Kenneth & Co. Honey Do Servs., LLC*, No. 13-4211, 2014 WL 3435416, at *4 (N.D. Tex. July 15, 2014) (dismissing FLSA claims because plaintiff's allegations that he "was individually engaged in commerce and the handling of goods that have been produced and moved in such commerce, doing work essential to Defendant's business" were insufficient to establish coverage); *Whitlock v. That Toe Co., LLC*, No. 14-2298, 2015 WL 1914606, at *3 (N.D. Tex. Apr. 28, 2015) (dismissing FLSA claims because plaintiff's allegations that the defendant "was an enterprise engaged in interstate commerce . . . [and] Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce . . . [and] Plaintiff was individually engaged in commerce and his work was essential to Defendants' business" were insufficient to plead coverage); *Rodriguez v. Shan Namkeen, Inc.*, No. 15-3370, 2017 WL 76929, at *2 (N.D. Tex. Jan. 9, 2017) (dismissing complaint because plaintiff's allegations that "[p]laintiff's work for the [d]efendants affected interstate commerce . . . because the materials and goods that [p]laintiff handles and/or used on a constant and/or continual basis and/or that were supplied to [p]laintiff by the [d]efendants to use on the job moved through interstate commerce prior to and/or subsequent to [p]laintiff's use of the same" amounted to a threadbare recitation of the elements of individual coverage under the FLSA); *Coleman v. John Moore Servs., Inc.*, No. 13-290, 2014 WL 51290, at *5 (S.D. Tex. Jan. 7, 2014) (dismissing FLSA claims finding mere recitation of FLSA coverage and generalized facts do not satisfy the pleading requirements necessary to survive a motion to dismiss); *Centeno v. Facilities Consulting Grp., Inc.*, No. 14-3696, 2015 WL 247735, at *10 (N.D. Tex. Jan. 20, 2015) (dismissing FLSA claims where plaintiff's allegations of individual and enterprise coverage "fail[ed] to provide factual allegations pertaining specifically to the dispute at issue"); *Lindgren v. Spears*, No. 10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (dismissing FLSA claim where the "allegations of FLSA coverage are conclusory [and] merely repeat the statutory elements of coverage").

6

production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) have an "annual gross volume of sales made or business done" that "is not less than $500,000." 29 U.S.C. §§ 203(s)(1)(A)(i)-(ii). With respect to enterprise coverage, Plaintiff merely pleads:

- "At all times hereinafter mentioned, DPS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated)." (Complaint, ¶ 15.)

- "At all times hereinafter mentioned, Raptis and the Putative Class Members were engaged in commerce or in the production of goods for commerce." (*Id.* at ¶ 16.)

Such conclusory allegations are insufficient to show that DPS had employees engaged in the "production"[3] of "goods"[4] for commerce, as those terms are defined and understood in the FLSA. As pled in the Complaint, DPS's employees were engaged to "acquir[e] property," "identify easements [and] rights-of-way," and negotiate leases. (Complaint, ¶¶ 20, 22.) Thus, the conclusory allegations and threadbare recitals in the Complaint are insufficient to make a plausible showing that DPS had employees engaged in commerce, producing goods for commerce, or otherwise working

---

[3] "Produced" refers to "produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j).

[4] "Goods" are understood to mean "goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i).

on goods or materials that have been moved in or produced for commerce.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *see also Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955) (emphasizing that "whether an employee is engaged 'in commerce' within the meaning of [the FLSA] is determined by practical considerations, not by technical conceptions"); *see also Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 F. App'x 805, 809 (10th Cir. 2012) ("Practical considerations guide when determining what constitutes commerce or engaging in commerce.").

Plaintiff's failure to plead sufficient facts to establish coverage under the FLSA is fatal to his claims.  Accordingly, Plaintiff's FLSA claim should be dismissed.

> ### 2.   Plaintiff fails to allege facts sufficient to show a plausible claim for unpaid overtime under either the FLSA or the PMWA.

Even if Plaintiff could sufficiently plead FLSA coverage, his Complaint also fails to state a plausible claim for unpaid overtime.  Post-*Twombly* and *Iqbal*, to state a viable FLSA claim a plaintiff must do more than plead vague and generalized allegations asserting violations of the overtime provisions of the FLSA.  *See Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242-43 (3rd Cir. 2014).  In *Davis,* the Third Circuit has held—similar to the Courts of Appeals for the First, Second, and Ninth Circuits—it is not enough for an FLSA plaintiff to simply state that he regularly worked more than 40 hours in a week and was not paid overtime.  *See id; see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012).

Rather, "a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours."  *Davis*, 765 F.3d at 242-43 (emphasis in original); *see also Landers*, 771 F.3d at 644-45 (the plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek"); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (allegations that the

plaintiff worked "more than forty hours per week during 'some or all weeks' of her employment"
and was not paid time-and-a-half for each hour in excess of 40 hours amounted only to a recitation
of the statutory language of the FLSA and were insufficient to state a claim); *Lundy v. Catholic Health
Sys. of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013) (finding that the plaintiffs failed to plead a
plausible claim that the FLSA was violated because they had not alleged a single workweek in which
they worked at least 40 hours and also worked uncompensated time over 40 hours).  Thus, a
plausible FLSA claim by an alleged employee must "provide sufficient detail about the length and
frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty
hours in a given week."  *Davis*, 765 F.3d at 243 (quoting *Nakahata*, 723 F.3d at 201); *see also Pruell*,
678 F.3d at 12 (affirming dismissal of amended complaint asserting FLSA claim because of "the lack
of any information on plaintiff['s] approximate weekly wages and hours worked, or even an
allegation that [he] had worked in excess of forty hours in any workweek").

 In *Davis*, the Third Circuit clarified the pleading standard for plaintiffs bringing FLSA claims,
holding that nurses and other patient-care professionals failed to state a claim under the FLSA for
unpaid overtime because they did not allege any given workweek in which they worked at least 40
hours and also worked uncompensated time in excess of 40 hours.  The Third Circuit affirmed the
lower court's dismissal of plaintiffs' FLSA claims on account of their failure to state a plausible basis
upon which relief could be granted.  *Davis,* 765 F.3d at 240-44.  In so ruling, the Court held that
FLSA plaintiffs must allege facts pointing to no less than one particular workweek in which an
FLSA violation occurred.  *See id.* at 243; *see also Landers*, 771 F.3d at 646 (plaintiffs in FLSA cases
"should be able to allege facts demonstrating there was at least one workweek in which they worked
in excess of forty hours and were not paid overtime wages").

 Allegations that plaintiffs "typically" or "frequently" suffered FLSA violations, without
more, simply do not raise their right to relief above a speculative level, and thus, cannot withstand a

motion to dismiss.  *See Davis*, 765 F.3d at 242-43; *see also Landers*, 771 F.3d at 646 (holding that mere statements that a plaintiff "regularly" or "consistently" worked more than forty hours but was not paid overtime do not satisfy the pleading requirements of Rule 8) (emphasis added); *see also Pruell*, 678 F.3d at 13 (affirming dismissal of complaint where plaintiffs alleged that they "regularly worked" over 40 hours a week and were not compensated for such time).  In *Davis*, the Third Circuit rejected "a more lenient approach" that would allow a complaint to survive a motion to dismiss "so long as it alleges that the employee worked more than forty hours in a week and did not receive overtime compensation."  *Davis*, 765 F.3d at 241 (citing *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 668 (D. Md. 2011)).  For a plaintiff to establish a plausible FLSA claim based upon "estimating the length of her average workweek during the applicable period," the plaintiff must also allege "the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."  *See Landers*, 771 F.3d at 645.

Plaintiff has wholly failed to make the specific allegations required under the governing pleading standard in *Davis* to support his FLSA claim and, as a result, his claim must be dismissed. Plaintiff has "merely alleged" that he "worked in excess of 40 hours" and that he did not receive "overtime."  (Complaint, ¶¶ 2-4, 27, 29, 55, 58.)  Plaintiff endeavors to satisfy the pleading requirements set forth in *Davis* by using operative phrases such as "regularly," "each week," and "in a single workweek."  (*Id.* at ¶¶ 2-3, 29, 55, 58.)  However, these "magic words" fail to elevate his overtime claim beyond mere possibility and into the realm of plausibility.  *See Nakahata*, 723 F.3d at 201.  "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Davis*, 765 F.3d 242 (quoting *Iqbal*, 556 U.S. at 678).  Plaintiff's Complaint, on the other hand, is replete with "would-be" estimations regarding the length and frequency of his unpaid work and thereby disclaims any assertion of fact "sufficient . . . to 'state a claim to relief that is plausible

on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Accordingly, Plaintiff has

not pled sufficient detail about the length and frequency of his alleged unpaid work or the amount

of alleged overtime pay he is owed to support a reasonable inference that he has a plausible overtime

claim.  *See Davis*, 765 F.3d at 243 (citing *Nakahata*, 723 F.3d at 201).[5]

The Ninth Circuit's analysis in *Landers* demonstrates precisely why Plaintiff's FLSA claim

fails under *Twombly* and *Iqbal*.  In *Landers*, the plaintiff was a cable services installer.  *Id.* at 640.  He

alleged that he and other similarly situated employees were compensated on a piecework basis and

not paid overtime for work in excess of 40 hours per week in violation of the FLSA.  He also alleged

the employer improperly calculated his regular rate of pay.  *Id.*  The employer moved to dismiss the

complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  *Id.*  The

district court granted the motion, concluding that the employee failed to state a plausible claim for

unpaid minimum wages and overtime wages.  *Id.*  The Ninth Circuit affirmed the district court's

ruling that the complaint did "not make any factual allegations providing an approximation of the

overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages."  *Id.*

In light of the deficiencies identified above, Plaintiff cannot maintain an FLSA overtime

claim against DPS based merely upon conclusory allegations and threadbare recitals that DPS

violated the FLSA.  Such allegations, in addition to being utterly baseless and unfounded in fact and

law, fail to satisfy the pleading requirements of *Twombly*/*Iqbal*.  Thus, the Plaintiff's FLSA claim

should be dismissed for failure to state claim under Rule 12(b)(6).  Because the PMWA is interpreted

consistent with the FLSA, Plaintiff's PMWA should also be dismissed for failure to state a claim.

---

[5] *See also Pruell*, 678 F.3d at 12 (dismissing claims that simply alleged that "putative class members 'regularly worked' over 40 hours a week and were not compensated for such time); *DeJesus*, 726 F.3d at 89 (dismissing claims where plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation"); *Hernandez*, 2015 WL 5608233, at *2 (dismissing FLSA claims when the plaintiff failed to allege details regarding his overtime claim, such as the dates, hours, or frequency of his overtime work).

3.     **Plaintiff's allegations and the document on which is his claims are based establish that Plaintiff's employment was exempt from the overtime provision of the PMWA.**

This Court should dismiss Plaintiff's PMWA claim because his allegations and the documents on which they are based conclusively establish that he was exempt from the overtime provision of the PMWA.  The ultimate decision whether an employee is exempt from the FLSA's overtime provision is a question of law.  *See Castellino v. M.I. Friday, Inc.*, No. 11–261, 2012 WL 2513500, at *3 (W.D. Pa. June 29, 2012).[6]  The employer has the burden of establishing that an exemption applies.  *Pignataro v. Port Auth. of New York and New Jersey*, 593 F.3d 265, 268 (3d Cir. 2010).  A court must give exemptions a "fair reading" rather than narrowly construing them against the employer.  *Encino Motorcars, LLC v. Navarro*, ⸺ U.S. ⸺, 138 S. Ct. 1134, 1142 (2018).

Under the overtime provision of the PMWA, an employer must pay an employee at a rate of one and one-half times the employee's regular rate of pay for all hours worked over 40 in a week.  43 P.S. § 333.104(c); 34 Pa. Code § 231.41.  Significantly, however, not every employee is covered by the overtime provision of the PMWA.  *See* 43 P.S. § 333.105(a)(5) ("Employment in the following classifications shall be exempt from . . . the overtime provisions of this act: . . . [i]n a bona fide executive, administrative, or professional capacity[.]").  Pursuant to the overtime regulations promulgated by the Secretary of Labor & Industry, employment in an outside sales, executive, administrative, or professional capacity is exempt from the minimum wage and overtime provisions of the PMWA.  *See* 34 Pa. Code §§ 231.81 ("The term outside salesmen, executive, administrative and professional capacity shall be deemed defined in [34 Pa. Code §§ 231.81-231.85], and

---

[6] Because the PMWA's exemptions substantially parallel the FLSA's exemptions, courts in the Third Circuit look to the standards set forth under the FLSA and its implementing regulations when analyzing the PMWA's exemptions. *See, e.g., Baum v. AstraZeneca LP*, 605 F. Supp. 2d 669, 674 (W.D. Pa. 2009); *Vanstory-Frazier v. CCHS Hosp. Co., LLC*, No. 08-3910, 2010 WL 22770, at *9 (E.D. Pa. Jan. 4, 2010).

employment in those classifications shall be exempt from both the minimum wage and overtime provisions of the act."). As it relates to the present case, the overtime provision of the PMWA does not apply to an individual employed in an administrative capacity. *See* 43 P.S. § 333.105(a)(5); 34 Pa. Code § 231.83. The PMWA contains two tests for determining whether an employee is employed in an administrative capacity: the short test applies when an employee makes $250 or more per week and the long test applies when the employee makes less than $250 per week. 34 Pa. Code § 231.83.

Under the short test, an individual is employed in an exempt administrative capacity if: (1) the employee is compensated on a salary basis or a fee basis at a rate of not less than $250 per week, (2) the employee's primary duty consists of the performance of office or nonmanual work directly related to management policies or general operation of his employer or the customers of the employer, and (3) the employee's primary duty includes some work requiring the exercise of discretion and independent judgment. *Id.* at § 231.83(5)( "Employment in a bona fide administrative capacity means work by an individual: . . . who is compensated on a salary basis or fee basis at a rate of not less than $250 per week . . . and whose primary duty consists of the performance of [office or nonmanual work directly related to management policies or general operation of his employer or the customers of his employer], which includes work requiring the exercise of discretion and independent judgment . . . .").

Plaintiff's factual allegations and the documents on which they are based conclusively establish that he meets each of the requirements of the short test and, therefore, is exempt from the PMWA's overtime provision. First, Plaintiff was paid on a salary basis at a rate in excess of $250 per week. It is undisputed that Plaintiff was paid a day rate of at least $325, which he received on a less-frequent-than-weekly basis. (Schultz Decl., Exh. A at Art. 4, 16.)[7] It is also beyond dispute that

---

[7] In deciding a motion to dismiss, courts may consider documents described or identified in the complaint if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v.*

Plaintiff was compensated on a "salary basis."  Plaintiff's day-rate guaranteed him at least $325 for every day that he worked regardless of the number of hours he worked.  (Complaint, ¶¶ 24, 27; Schultz Decl., ¶¶ 2-6.)  As such, he received more than the minimum $250 per week for any week in which he performed work.  Therefore, he was paid on a "salary basis."  *See Faludi v. U.S. Shale Sols., LLC*, 936 F.3d 215, 219-20 (5th Cir. 2019) (holding that plaintiff was paid on a "salary basis" where his independent contractor agreement set a predetermined day rate of $1,000 per day and provided for payment on a less-frequent-than-weekly basis).

Second, Plaintiff's primary duty consists of nonmanual work directly related to the general operation of DPS.  "The term 'primary duty' means the principal, main, major or most important duty that the employee performs."  29 C.F.R. § 541.700(a).  The allegations in the Complaint demonstrate without any genuine dispute that Plaintiff's primary job duty was related to servicing DPS's general operations.  In Plaintiff's own words, his duties included "acquiring property" and "identify[ing] easements and right-of-way"—duties which were necessary "to permit [DPS] to operate[.]"  (Complaint, ¶ 22.)  Plaintiff also admits that these job duties "related to servicing" and were "an essential part of" DPS's business.  (*Id.* at ¶¶ 30, 49.)

Third, Plaintiff's primary duty includes work requiring the exercise of discretion and independent judgment.  Because Plaintiff was paid in excess of $250 per week, DPS need only show that Plaintiff's job duties required some discretion and independent judgment—DPS does not need to show that Plaintiff did so "customarily and regularly."  *Compare* 34 Pa. Code § 231.83(5) ("which

---

*White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *Lum v. Bank of America*, 361 F.3d 217, 221, n.3 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally can consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").  Plaintiff's claims are premised on DPS's practice of paying Plaintiff on a day-rate basis.  (Complaint, ¶¶ 58, 64.)  Accordingly, in ruling on DPS's motion, the Court may consider documents establishing how Plaintiff was paid.

14

includes work requiring the exercise of discretion and independent judgment") *with id.* at § 231.83(2) ("Who customarily and regularly exercises discretion and independent judgment").  In addition, unlike the FLSA, the administrative exemption under the PMWA does not require that the exercise of discretion and independent judgment be "with respect to matters of significance."  *Compare* 34 Pa. Code § 231.83(5) ("which includes work requiring the exercise of discretion and independent judgment") *with* 29 C.F.R. § 541.200(a)(3) (requiring the "exercise of discretion and independent judgment with respect to matters of significance").  The FLSA's implementing regulations state that the exercise of discretion and independent judgment involves "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  29 C.F.R. § 541.202(a).  As such, to meet the final element of the PMWA's administrative exemption, DPS need only show that Plaintiff's duties included some comparison and evaluation of possible courses of conduct, and some action after the various possibilities have been considered.  According to Plaintiff, his job was to acquire property, identify easements and right-of-ways, and negotiate oil and gas leases.  (Complaint, ¶ 22.)  Based on the allegations in the Complaint, there can be no genuine dispute that Plaintiff's primary job duty included work requiring the exercise of discretion and independent judgment.  *See Iqbal*, 556 U.S. at 679 (determining whether a complaint states a plausible claim for relief "requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, Plaintiff falls under the administrative capacity exemption and, as a matter of law, is exempt from the PMWA's overtime provision.

## V.     CONCLUSION

For the foregoing reasons, Defendant DPS Land Services, LLC respectfully requests that this Court dismiss the Complaint in its entirety.


Dated: December 18, 2019

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ Richard L. Etter
Richard L. Etter
PA I.D. No. 92835
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

*Counsel for Defendant DPS Land Services, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.


**FOX ROTHSCHILD LLP**

Date:  December 18, 2019              */s/  Richard L. Etter*
                                     Richard L. Etter