IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | | |
|---|---|---|
| PETER RAPTIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>vs.<br><br>DPS LAND SERVICES, LLC,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:19-CV-01262-CRE |

**<u>MEMORANDUM OPINION</u>**

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated in this court on October 2, 2019, by Plaintiff Peter Raptis, on behalf of himself and others similarly situated, as a putative class and/or collective of current or former employees of Defendant DPS Land Services, LLC ("DPS"). Plaintiff's complaint sets forth claims to recover unpaid overtime compensation from DPS under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA"). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

Presently before the court is motion by DPS to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 12). For the reasons that follow, DPS's motion is denied in its entirety.

I.     **BACKGROUND**

1

Named Plaintiff Peter Raptis brings this action on behalf of himself and all similarly situated current and former Land Men employed by DPS to recover unpaid overtime wages. Plaintiff claims that DPS failed to pay Land Men overtime compensation for the hours they worked over forty (40) in one or more work weeks because DPS improperly classified them as exempt from overtime.

DPS operates a corporate office in Canonsburg, Pennsylvania, and "describes itself as a full-service land company that is dedicated to the Appalachian Basin." Compl. (ECF No. 1) at ¶ 19. Its work includes "a diverse range of assignments [such as] obtaining ROW [Rights of Way] for a gathering system in a complex urban environment and managing multifaceted large scale title and land projects." *Id*. at ¶ 20. To do this work, DPS employs Land Men to assist in "acquiring property to expand DPS['s] network of services and to identify easements, rights-of-way to permit them to operate, and oil and gas leases." *Id*. at ¶ 22.

Plaintiff was employed by DPS as a Land Man from March 2017 to August 20, 2019, "performing duties as a 'Leasing Agent.'" *Id*. at ¶ 24. "Throughout his employment with DPS, he was classified both as an independent contractor and as a W2 employee but [was] always paid on a day-rate basis." *Id*. Plaintiff "was never paid on a salary basis. He never received any guaranteed weekly compensation from DPS irrespective of days worked (i.e., the only compensation he received was the day-rate for each day that he actually worked)." *Id*. According to Plaintiff, he and other putative class members were not provided "overtime pay for hours they worked in excess of forty (40) hours in a workweek." *Id*. at ¶ 27.

It is Plaintiff's position that DPS's "policy of failing to pay its workers … overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties." *Id*. at ¶ 56. According to Plaintiff, DPS's "day-rate system violates state and federal law

because [Plaintiff] and other land men did not receive any pay for hours worked in excess of 40 hours each week." *Id*. at ¶ 58.  Thus, on October 2, 2019, Plaintiff filed in the instant complaint, asserting causes of action for violations of the FLSA and the PMWA.

On December 6, 2019, DPS filed a motion to dismiss Plaintiff's complaint and brief in support thereof. (ECF Nos. 15, 16).  Plaintiff filed a response in opposition (ECF No. 18), and DPS filed a reply (ECF No. 20).  The matter is now ripe for disposition.

## II.     STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic

documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally can consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

### III.  DISCUSSION

By way of background, both the FLSA and the PMWA generally require employers to pay employees one and one-half times the regular wage for hours worked in excess of forty hours per week. 29 U.S.C.A. § 207(a); *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 241 (3d Cir. 2014); 43 P.S. § 333.104(c).  However, not all employees are entitled to overtime pay; both the PMWA and "the FLSA exempt[] many categories of employees from this requirement." *Encino Motorcars, LLC v. Navarro*, --- U.S. ---, ---, 138 S. Ct. 1134, 1138 (2018) *("Encino II")*; *see also* 43 P.S. § 333.105.  In its motion to dismiss and accompanying brief, DPS sets forth arguments as to why it believes that Plaintiff has failed to plead both FLSA and PMWA claims.

*A.  Failure to Plead DPS was Engaged in Commerce under the FLSA*

DPS first seeks dismissal of Plaintiff's FLSA claim on the basis that he has not pleaded facts to show that Plaintiff was an employee "engaged in commerce or in the production of goods for commerce, or [wa]s employed in an enterprise engaged in commerce or in the production of goods for commerce." DPS's Br. (ECF No. 16) at 10 (citing 29 U.S.C. § 207(a)).  It is Plaintiff's position that he has adequately alleged enterprise coverage under the FLSA. Pl.'s Br. (ECF No. 18) at 3-5.

To state a *prima facie* case under the FLSA, a plaintiff must allege that: "(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) the plaintiff was an

5

'employee' as defined by the FLSA; and (3) the plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Rummel v. Highmark, Inc.*, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013) (citing 29 U.S.C. § 216(b)); *see also Davis,* 765 F.3d at 241; *Bedolla v. Brandolini,* 2018 WL 2291117, at *3 (E.D. Pa. May 18, 2018); *Mell v. GNC Corp.*, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010) (collecting cases).

> The FLSA extends coverage to employees by two means: (1) the employee himself may be engaged in commerce or in the production of goods for commerce (so-called "individual" coverage); or (2) the employee may be employed in an enterprise engaged in commerce or the production of goods for commerce (so-called "enterprise coverage."). Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

*Kehler v. Albert Anderson, Inc.*, 2017 WL 1399628, at *4 (D.N.J. 2017) (some citations omitted).

With respect to "enterprise coverage," DPS contends that Plaintiff's complaint sets forth only "conclusory allegations and threadbare recitals," which "are insufficient to make a plausible showing that DPS had employees engaged in commerce, producing goods for commerce, or otherwise working on goods and materials that had been moved in or produced for interstate commerce." DPS's Br. (ECF No. 16) at 12-13. It is Plaintiff's position that he has adequately alleged enterprise coverage, as the complaint sets forth that DPS "'operates throughout the United States, including Pennsylvania and Ohio.'" Pl.'s Br. (ECF No. 18) at 4 (citing Compl. (ECF No. 1) at ¶ 21).

"[T]he Third Circuit has held that businesses whose employees use materials manufactured out-of-state and moved in interstate commerce are 'enterprises engaged in commerce' for the purposes of the Act." *Griffin v. Alysia Home Health Agency*, 2018 WL 2566235, at *3 (W.D. Pa. 2018). "Courts in this Circuit frequently hold that alleging that the defendant was an enterprise

engaged in commerce under the FLSA "[i]s sufficient for purposes of a motion to dismiss." *Bedolla*, 2018 WL 2291117, at *6 (citing *Dong v. Ren's Garden*, 2010 WL 1133482, at *4 (D.N.J. 2010) (internal citations omitted)). "If the plaintiff demonstrates that the employer is an enterprise engaged in commerce, all of that enterprise's employees will be covered by the FLSA." *Dong*, 2010 WL 1133482, at *2.

According to Plaintiff, "DPS operates throughout the United States, including Pennsylvania and Ohio." Compl. (ECF No. 1) at ¶ 21. Plaintiff avers he "and the Putative Class Members worked for DPS in the Commonwealth of Pennsylvania, Ohio, and throughout the United States over the past three years." *Id*. at ¶ 25. Plaintiff further asserts that "DPS made the large capital investments in buildings, tools, and supplies in the business in which [Plaintiff] worked." *Id*. at ¶ 39.

These allegations, when read together and accepted as true at this stage of proceedings, demonstrate a plausible claim that DPS is an enterprise engaged in interstate commerce. *See Zebroski v. Gouak*, 2009 WL 2950813, at *1 (E.D. Pa. 2009) (holding that a mere allegation that the defendant is "an enterprise engaged in commerce" satisfies the pleadings requirements of the FLSA and that discovery should be used to develop the allegation). Because Plaintiff has sufficiently pleaded that DPS is qualified for enterprise coverage, DPS's motion to dismiss the FLSA claim on this basis is denied.[1]

### B. Failure to Plead Entitlement to Overtime Pay

---

[1] DPS also contends that Plaintiff has failed to plead adequately individual coverage. Specifically, DPS argues that from the allegations set forth in Plaintiff's complaint, "it is impossible to tell whether Plaintiff's activities were performed entirely within Pennsylvania or entirely within some other state, as opposed to 'among the several States or between any State and any place outside thereof.'" DPS's Br. (ECF No. 16) at 11-12. However, as discussed *supra*, because this court concludes that Plaintiff has adequately pleaded enterprise coverage, this court need not address the individual-coverage argument.

DPS next contends that Plaintiff has failed to state a plausible claim for unpaid overtime pursuant to both the FLSA and the PMWA. DPS's Br. (ECF No. 16) at 14. According to DPS, "Plaintiff has 'merely alleged' that he 'worked in excess of 40 hours' and that he did not receive 'overtime,'" which DPS contends does not satisfy the pleading standard set forth in *Davis*, *supra*. *Id*. at 16.

"[T]o recover overtime compensation under the FLSA, an employee must prove that he [or she] worked overtime hours without compensation, and he [or she] must show the amount and extent of his [or her] overtime work as a matter of just and reasonable inference." *Davis*, 765 F.3d at 241 (internal quotation marks omitted). In *Davis*, the Third Circuit examined the "level of detail necessary to plead an FLSA overtime claim," *id*., and adopted

> the middle-ground approach taken by the Court of Appeals for the Second Circuit in *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). In *Lundy*, the court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." *Id*. at 114 (emphases added) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours)).

*Davis*, 765 F.3d at 241-42. In *Davis*, the Third Circuit affirmed the district court's dismissal of an FLSA complaint, where "[n]one of the named plaintiffs ha[d] alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." *Id*. at 243. Instead, each plaintiff in *Davis* alleged that "he or she 'typically' worked shifts totaling between thirty-two and forty hours per week and further allege[d] that he or she 'frequently' worked extra time." *Id*. at 242.

In the instant matter, Plaintiff avers that he and the "Putative Class Members worked well in excess of 40 hours each week while employed by DPS." Compl. (ECF No. 1) at ¶ 29. In addition, Plaintiff states that DPS "failed to provide [Plaintiff and the putative class members] with

overtime pay for hours that they worked in excess of forty (40) hours in a workweek." *Id*. at ¶ 27. These allegations clearly satisfy the pleading standard set forth by *Davis*. In fact, the *Davis* court specifically stated that it did "not hold that a plaintiff must identify the exact dates and times that [he or] she worked overtime." *Davis*, 765 F.3d at 243. Instead, the Court provided that "a plaintiff's claim that [he or] she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice." *Id*.

Thus, because Plaintiff has alleged that he and the other putative class members worked in excess of 40 hours each week they worked at DPS, and that they were not compensated for those additional hours, Plaintiff has set forth a plausible FLSA claim. Accordingly, DPS's motion to dismiss Plaintiff's FLSA claim on the basis that Plaintiff has failed to plead adequately entitlement to overtime is denied.[2]

C. *Failure to Plead PMWA Non-Exemption*

Finally, DPS claims that Plaintiff has failed to state a claim pursuant to the PMWA because his allegations demonstrate that he was exempt from overtime pay pursuant to the administrative-employee exemption.[3] *See* DPS's Br. (ECF No. 16) at 18-21. In support of its claim, DPS has

---

[2] With respect to this issue, DPS argues that the "PMWA is interpreted consistent[ly] with the FLSA." DPS's Br. (ECF No. 16) at 17. Thus, DPS contends "Plaintiff's PMWA [claim] should also be dismissed for failure to state a claim." *Id*. However, as discussed *supra*, Plaintiff has set forth a plausible FLSA claim. Accordingly, this court also denies DPS's motion to dismiss the PMWA claim on this basis.

[3] "'An employer seeking to rely on an exemption must prove its application as an *affirmative* defense' and '[m]atters relating to the duties performed by employees present questions of fact.'" *Hively v. Allis-Chalmers Energy, Inc.*, 2013 WL 2557629, at *2 (W.D. Pa. 2013) (quoting *Castellino v. M.I. Friday, Inc.*, 2012 WL 2513500, at *3 (W.D.Pa. 2012) (emphasis added)). Nevertheless, district courts have considered exemptions in the context of motions to dismiss, and this court will do so as well. *See Anzaldua v. WHYY, Inc.*, 160 F. Supp. 3d 823, 826 (E.D. Pa. 2016).

attached to its brief three exhibits in support of its contentions.[4] Plaintiff responds that even if this court were to consider the documents attached to DPS's motion to dismiss, DPS has failed to establish that Plaintiff has qualified for the administrative-employee exemption.[5] Pl.'s Br. (ECF No. 18) at 10.

> Under the PMWA's administrative employee exemption, anyone employed in a "bona fide ... administrative ... capacity" is exempt from the PMWA's overtime protections. 43 P.S. § 333.105(a)(5). The exemption applies to employees whose (1) salaried compensation is at least "$250 per week, exclusive of board, lodging or other facilities," 34 Pa. Code § 231.83(5), (2) "primary duty consists of the performance of office or nonmanual work directly related to management policies or general operation of his employer or the customers of the employer," *id.* § 231.83(1), and (3) primary duty "requir[es] the exercise of discretion and independent judgment," *id.* § 231.83(5).

*Baum v. Astrazeneca LP*, 372 F. App'x 246, 248 (3d Cir. 2010) (footnotes omitted).

---

[4] The fact that DPS has attached documents to its motion to dismiss reinforces the appropriateness of considering this issue on summary judgment, as opposed to a motion to dismiss. Nevertheless, this court summarizes those attachments. In support of its motion to dismiss, DPS refers to three documents: (1) a declaration by DPS vice president, Timothy T. Schultz, Jr., which states that Plaintiff "received a day rate of at least $325," *see* Declaration of Timothy T. Schultz, Jr. ("Schultz Declaration") (ECF No. 16-1) at 1; (2) a document signed by Plaintiff on March 29, 2017, entitled "Agreement for Independent Contractor Services" ("Agreement"), *see* Agreement (ECF No. 16-1) at 3-9; and (3) a document referring to Plaintiff that indicates his day rate is $325 ("Exhibit B"), *see* Exhibit B (ECF No. 16-1) at 11.

[5] Plaintiff first contends that DPS may not rely on the Schultz Declaration, the Agreement, and Exhibit B. *See* Pl.'s Br. (ECF No. 18) at 7-9. "In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record." *Fortes v. Boyertown Area Sch. Dist.*, 2014 WL 3573104, at *3 n.14 (E.D. Pa. 2014). Additionally, "a district court may examine an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Properties, Inc. Securities Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).

The three documents attached to the motion to dismiss are certainly not matters of public record. Moreover, it is not entirely clear at this juncture whether the documents are both "undisputedly authentic" and if Plaintiff's claims rely upon these documents. However, even if this court were to consider these documents in deciding the instant motion, as discussed *infra*, the court's conclusion would not be different. Accordingly, this court need not determine whether these documents were attached appropriately as part of DPS's motion to dismiss.

According to DPS, "Plaintiff's factual allegations and the documents on which they are based conclusively establish that he meets each of the three requirements of the [aforementioned] test and, therefore, is exempt from the PMWA's overtime provision." DPS's Br. (ECF No. 16) at 19. First, DPS, relying on the Schultz Declaration and Independent Contractor Agreement, contends that Plaintiff was paid a day rate of $325, which is more than the $250 per week required under the PMWA exemption. *Id*. at 19. Next, DPS contends that "Plaintiff's primary duty consists of nonmanual work directly related to the general operation of DPS." *Id*. at 20. Finally, DPS argues that Plaintiff's job duties entailed "work requiring the exercise of discretion and independent judgment." *Id*. at 21. In response, Plaintiff does not necessarily dispute the dollar amount set forth *supra*, but contends that even if this court were to consider DPS's attached documents, DPS still would not prevail because Plaintiff's complaint does not conclusively demonstrate the applicability administrative employee exemption. Pl's Br. (ECF No. 18) at 9. Specifically, the parties dispute whether Plaintiff's duties involve the exercise of discretion. *See* DPS's Br. (ECF No. 16) at 20-21; Pl.'s Br. (ECF No. 18) at 10.

"It is the employer's burden to establish that all three elements of this affirmative defense are satisfied. On a motion to dismiss, the factual predicate of [the exemption must be]...apparent from the face of the complaint." *Anzaldua*, 160 F. Supp. 3d at 826 (internal footnotes and quotation marks omitted). "'In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.' 29 C.F.R. § 541.202(a) (explaining 'discretion and independent judgment' for the purposes of the [FLSA])." *Baum* 372 F. App'x at 248; *see also* 34 Pa. Code § 231.83.

In *Anzaluda*, the district court pointed out that "[t]he determination of whether an employee is an exempt administrative employee is extremely individual and fact-intensive, requiring a detailed analysis of the time spent performing administrative duties and a careful factual analysis of the full range of the employee's job duties and responsibilities." 160 F.Supp.3d at 828 (internal quotation marks and footnotes omitted). The district court further stated that it "cannot adequately analyze [a plaintiff's] full range of duties without a developed factual record and courts have routinely found that it is inappropriate to do so." *Id*.

In his complaint, Plaintiff has alleged that "DPS controlled all significant or meaningful aspects of the job duties performed by" Plaintiff. Compl. (ECF No. 1) at ¶ 34. Furthermore, Plaintiff contended that his "daily and weekly activities … were routinely and largely governed by standardized plans, procedures, and checklists created by DPS." *Id*. at ¶ 45. In addition, "[v]irtually every job function was pre-determined by DPS, including the tools used, the data to research and compile, the work schedule and related work duties." *Id*. ¶ 46. Finally, according to Plaintiff, he was "prohibited from varying [his] job duties outside of the pre-determined parameters." *Id*. at ¶ 47.

Thus, although DPS disputes the aforementioned allegations set forth in Plaintiff's complaint with regard to the extent of Plaintiff's discretion,[6] at this juncture, it is inappropriate to conclude that the administrative-employee exemption is applicable. *See Andaluza*, 160 F.Supp.3d at 828 ("While it is possible that Plaintiff exercised discretion in matters of significance, it is not apparent from the face of Plaintiff's complaint."). Accordingly, DPS's motion to dismiss Plaintiff's PMWA allegation on the basis of the administrative-employee exemption is denied.

---

[6] Specifically, DPS references other parts of Plaintiff's complaint where Plaintiff asserts that "job was to acquire property, identify easements and right-of-ways, and negotiate oil and gas leases." DPS's Br. (ECF No. 16) at 21 (citing Compl. (ECF No 1) at ¶ 22).

## IV. CONCLUSION

Based on the foregoing, DPS's motion to dismiss is denied in its entirety.

Dated: May 21, 2020 .    BY THE COURT:

s/ Cynthia Reed Eddy

Chief United States Magistrate Judge

cc: Counsel of record

*via electronic filing*